IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:22-cv-00073-M

CENTER FOR ENVIRONMENTAL
HEALTH, *et al.*,

        Plaintiffs,

        v.

MICHAEL REGAN, in his official
capacity as Administrator of the U.S.
Environmental Protection Agency, *et al.*,

        Defendants.

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEFING**

/ / /

/ / /

## 1. EPA need not agree to every suggestion or aspect of a petition in order to grant it.

The parties agree that there is but one petition at issue and that EPA agreed with the premise of the petition—that EPA should commence a rulemaking proceeding or issue an order under TSCA section 4 compelling health and environmental effects testing regarding PFAS. The question the Court appears to be asking is whether EPA must agree with every proposal contained in a petition in order to "grant" the petition. The answer is no.

Plaintiffs selectively quote from TSCA and overstate the scope of what a TSCA petitioner can demand from EPA and this Court. Section 21(a) provides that "[a]ny person may petition the Administrator to initiate a proceeding for the issuance, amendment, or repeal of a [rule or order] under [TSCA section 4]." 15 U.S.C. § 2620(a). The petition "shall set forth the facts which it is claimed establish that it is necessary to issue, amend, or repeal a rule [or order] under [TSCA section 4]." 15 U.S.C. § 2620(b)(1). Thus, as relevant here, a petition must demonstrate that it is necessary for EPA to *initiate* a proceeding to issue a section 4 rule or order, not that every aspect of a petitioner's proposed testing regime is necessary.

Plaintiffs assert—without support—that "no judicial remedy is available where EPA 'grants' a petition, likely because Congress presumed that since the Agency has agreed to take the actions requested by the petition, judicial intervention is unnecessary." Pls.' Supp. Br. 3, ECF No. 72. It is true that TSCA section 21 does not provide a basis for review of a grant of a petition; that is the basis for EPA's motion to dismiss. But Plaintiffs could potentially pursue judicial

relief under other sections of TSCA or the Administrative Procedure Act. *See* EPA Reply Br. 8–10, ECF No. 55.

Plaintiffs also complain that EPA's testing strategy is progressing too slowly. ECF No. 72 at 8. Plaintiffs fail to acknowledge that Section 4 test orders are lengthy and require considerable resources to author and implement. *See, e.g.*, ECF No. 65-1 (section 4 test order for HFPO, a PFAS identified in Plaintiffs' petition). The Agency must take significant steps to ensure each test order is complete and targeted, and the Agency must be able to defend test orders that may be challenged. *See, e.g.*, *National Foam, Inc. v. EPA*, 22-1209 (D.C. Cir.) (challenge to first test order issued under PFAS Testing Strategy); *see also*

https://www.epa.gov/system/files/documents/2022-03/issuing-a-section-4-order-24-march-2022.pdf (overview of how EPA issues TSCA section 4 test orders).

Ultimately, nothing in section 21 requires EPA to take the precise action requested by the petitioner. Rather, the inquiry focuses on whether there is an information gap concerning the chemical substance in question and whether testing is necessary to fill that gap. *See* 15 U.S.C. § 2620(b)(4)(B)(i). Once EPA makes this determination, EPA is only required to commence an "appropriate proceeding" under TSCA section 4, which in this instance, it has already done. *See, e.g.*, Notice of TSCA Section 4 Testing Order, ECF No. 65.

## 2. TSCA encourages EPA to take a "category-based" approach when issuing test orders.

Plaintiffs do not dispute that TSCA encourages the use of categorical testing. Pls.' Supp. Br. 5–6. Plaintiffs' unsupported characterization that EPA uses

Case 7:22-cv-00073-M   Document 76   Filed 02/08/23   Page 3 of 7

categories "sparingly" under TSCA is irrelevant to whether the statute *encourages*

its use. Plaintiffs also allege EPA of using a "slight-of-hand" maneuver by calling its

denial of Plaintiffs' petition a "grant." *Id.* at 6–7. But as Plaintiffs recognize, EPA

has expressly denied petitions. *Id.* at 6 fn. 4. Because EPA has shown it is not

hesitant to deny a petition it finds to be legally or factually unsupported, there is

nothing to suggest that EPA would resort to "shell games" in responding to their

petition here. And, contrary to Plaintiffs' assertion, EPA did not conclude that

Plaintiffs' proposed testing is "unnecessary." *Id.* at 6. Rather, EPA noted that the

testing strategy embraces an iterative process that could expand over time.

**3.    Even if the Court had jurisdiction, Plaintiffs' available relief is limited to an order that EPA commence a section 4 proceeding, which EPA has already done.**

If the Court were to find that EPA "denied" Plaintiffs' petition and moves

forward in this proceeding, EPA agrees with Plaintiffs that the Court reviews the

petition *de novo*. In that circumstance, the Court must then determine whether the

criteria under TSCA section 21(b)(4)(B)(i) are met, and if so, to order EPA to initiate

a proceeding under TSCA section 4. However, as explained above, the statutory text

does not support Plaintiffs' far broader proposition that TSCA authorizes the Court

to then command EPA to implement the precise testing program proposed in the

petition.

Plaintiffs would ask this Court to "examine" each element of their proposed

testing strategy and order EPA to deliver a specific administrative outcome.

However, section 21(b)(4)(B)(i) concerns information gaps and whether a chemical

substance may present unreasonable risk—not what kind of test would fill an

identified information gap. Under Plaintiffs' reading, the Court would embark on a highly technical inquiry regarding each element of their proposed testing program without the guidance of the relevant elements under section 21. Plaintiffs' reading would effectively put this Court in the shoes of the agency, a potential judicial intrusion into the powers of the executive. *See Citizens for a Better Env't v. Thomas*, 704 F. Supp. 149, 152 (N.D. Ill. 1989) ("If [TSCA] permitted the court to substitute its judgment and promulgate the final rule, a significant intrusion into executive power would exist."). This cannot be what TSCA means.

Finally, Plaintiffs confuse TSCA's mandate that the Court consider the petition in a *de novo* proceeding with the erroneous belief that the Court may not defer to EPA's interpretation of TSCA overall. Plaintiffs offer no support for this conflated reading, which flies in the face of general principles of administrative law. "It is a fundamental principle . . . that where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy the relation of remedy to policy is peculiarly a matter for administrative competence." *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 112 (1946) (internal quotation marks omitted). And here, EPA has offered an interpretation that is consistent with other provisions of the statute and the court should defer to EPA's interpretation of a statute it is responsible for administering. *See Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 94 (D.D.C. 2011). For these reasons and for the reasons set forth in EPA's motion to dismiss, the court lacks jurisdiction under TSCA section 21.

4

This 8th day of February 2023.          Respectfully submitted,

/s/ *Hubert T. Lee*

HUBERT T. LEE
BRANDON N. ADKINS
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, NE
Suite 4.1116
Washington, D. C. 20002
(202) 514-1806 (Lee); (202) 616-9174
(Adkins)
Fax (202) 514 8865
Hubert.lee@usdoj.gov
Brandon.adkins@usdoj.gov
Lee: NY Bar #4992145
Adkins: DC Bar #1010947

MICHAEL F. EASLEY, JR.
United States Attorney

C. MICHAEL ANDERSON
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, N.C. 27601
(919) 856-4530
Fax (919) 856-4821
Michael.anderson7@usdoj.gov
N.C. Bar No. 42646

Attorneys for Defendants

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically transmitted the foregoing to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to registered counsel for all parties.


/s/ *Hubert T. Lee*